United States District Court
Southern District of Texas
**ENTERED**
August 30, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HAROLD BROWN, TDCJ #1916995, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. H-16-0804 |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal | § | |
| Justice - Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

### MEMORANDUM OPINION AND ORDER

Harold Brown (TDCJ #1916995) has filed a Petition for a Writ of Habeas Corpus by a Person in State Custody ("Petition") (Docket Entry No. 1), challenging a state court conviction. Pending before the court is Respondent Davis's Motion to Dismiss for Failure to Exhaust State Court Remedies with Brief in Support (Docket Entry No. 19). Brown has filed Petitioner's Reply to the Director's Reply (Docket Entry No. 21). After considering the pleadings and the law, the court will grant the respondent's motion and will dismiss this action for the reasons explained below.

### I.   Procedural History

A local grand jury returned an indictment charging Brown with capital murder in Harris County cause number 1362106.[1]  Brown was

---

[1]Indictment, Docket Entry No. 17-12, p. 21.

charged with shooting and killing multiple people during an altercation at a local nightclub.[2]  On February 17, 2014, a jury in the 208th District Court for Harris County found Brown guilty as charged.[3]  The trial court sentenced him to life without parole.[4]

On direct appeal Brown argued that the trial court erred as follows:  (1) by admitting an in-court identification by a witness; (2) by admitting Brown's statement to police; and (3) by including an instruction in the jury charge on voluntary intoxication.[5]  The intermediate court of appeals rejected these claims and affirmed the conviction in an unpublished opinion.  See Brown v. State, No. 14-14-00165-CR (Tex. App. — Houston [14th Dist.] Aug. 18, 2015).[6]  The Texas Court of Criminal Appeals refused Brown's petition for discretionary review on November 18, 2015.  See Brown v. State, PDR No. 1192-15.[7]

On March 18, 2016, Brown executed the pending Petition, seeking relief from his conviction in Harris County cause number 1362106.[8]  Brown contends that he is entitled to relief for the

---

[2]See id.; see also Memorandum Opinion, Docket Entry No. 17-7, p. 2 (summarizing the underlying facts).

[3]Judgment of Conviction By Jury, Docket Entry No. 17-15, p. 51.

[4]Id.

[5]Appellant's Brief, Docket Entry No. 17-3, p. 3.

[6]Memorandum Opinion, Docket Entry No. 17-7, pp. 1-13.

[7]Electronic Record, Docket Entry No. 17-1, p. 1.

[8]Petition, Docket Entry No. 1, p. 11.

following reasons:   (1) the "charging and arrest instrument" is
null and void; (2) the District Attorney's office illegally charged
him with capital murder pursuant to a void charging and arrest
instrument; (3) the prosecutor committed misconduct by covering up
his unlawful arrest; (4) the indictment is fatally defective;
(5) the state used illegal investigative methods to manipulate
witnesses to identify him as the perpetrator; (6) the trial judge
lacked jurisdiction; (7) defense counsel conspired with the state
to violate his civil rights; and (8) he was denied a fair trial
before an impartial fact-finder.[9]   The respondent moves to dismiss
the Petition because Brown has failed to exhaust available state
court remedies with respect to these claims.

## II.  <u>Discussion</u>

Under the governing federal habeas corpus statutes "[a]n
application for a writ of habeas corpus on behalf of a person in
custody pursuant to the judgment of a State court shall not be
granted unless it appears that . . . the applicant has exhausted
the remedies available in the courts of the State." 28 U.S.C.
§ 2254(b)(1)(A).   Thus, a petitioner "must exhaust all available
state remedies before he may obtain federal habeas [corpus]
relief." <u>Sones v. Hargett</u>, 61 F.3d 410, 414 (5th Cir. 1995).   The
exhaustion requirement "is not jurisdictional, but reflects a

---

[9]<u>Id.</u> at 6-8.

policy of federal-state comity designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." <u>Moore v. Quarterman</u>, 454 F.3d 484, 490-91 (5th Cir. 2006) (quoting <u>Anderson v. Johnson</u>, 338 F.3d 382, 386 (5th Cir. 2003) (internal citations and quotations omitted)). Exceptions exist only where there is an absence of an available state corrective process or where circumstances exist that render such process ineffective to protect the rights of the applicant. <u>See</u> 28 U.S.C. § 2254(b)(1)(B)(i) and (ii).

To exhaust his state remedies under the applicable statutory framework, a habeas petitioner must fairly present "the substance of his claim to the state courts." <u>Moore</u>, 454 F.3d at 491 (quoting <u>Vasquez v. Hillery</u>, 106 S. Ct. 617, 620 (1986)). A federal habeas petitioner shall not be deemed to have exhausted the remedies available in the state courts "if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). In Texas a criminal defendant may challenge a conviction in two ways: (1) the petitioner may file a direct appeal followed, if necessary, by a petition for discretionary review in the Texas Court of Criminal Appeals; and/or (2) he may file a petition for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure in the convicting court, which is transmitted to the Texas Court of Criminal Appeals once the trial court determines whether findings

-4-

are necessary.  See Tex. Code Crim. Proc. art. 11.07 § 3(c); see also Busby v. Dretke, 359 F.3d 708, 723 (5th Cir. 2004) ("Habeas petitioners must exhaust state remedies by pursuing their claims through one complete cycle of either state direct appeal or post-conviction collateral proceedings.").

Although Brown filed a state habeas corpus application in an effort to raise his pending claims,[10] the application was summarily dismissed for procedural reasons without an adjudication on the merits because Brown filed it while his direct appeal was still pending.[11] Because Brown's application was dismissed for procedural reasons unrelated to the merits of his claims he is not precluded from filing another state habeas application.  See Ex parte Santana, 227 S.W.3d 700, 703 (Tex. Crim. App. 2007) (distinguishing between a denial of relief or final disposition that bars a subsequent application and a dismissal that is unrelated to the merits of the claims) (citing Ex parte Torres, 943 S.W.2d 469, 474 (Tex. Crim. App. 1997)).  Brown has not re-submitted a state habeas corpus application in a procedurally proper manner or afforded the state courts an opportunity to address the merits of his claims. Because state process remains available, Brown does not satisfy any statutory exception to the exhaustion doctrine.  Comity requires

---

[10]Application for a Writ of Habeas Corpus, Docket Entry No. 18-16, pp. 5-27.

[11]Action Taken on Writ No. 84,516-01, Docket Entry No. 18-12, p. 1.

this court to defer until the state courts have addressed the
merits of Brown's claims.  Accordingly, the court will grant the
respondent's motion and will dismiss this case as premature.

## III.  <u>Certificate of Appealability</u>

Rule 11 of the Rules Governing Section 2254 Cases requires a
district court to issue or deny a certificate of appealability when
entering a final order that is adverse to the petitioner.   A
certificate of appealability will not issue unless the petitioner
makes "a substantial showing of the denial of a constitutional
right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to
demonstrate "that reasonable jurists would find the district
court's assessment of the constitutional claims debatable or
wrong." <u>Tennard v. Dretke</u>, 124 S. Ct. 2562, 2565 (2004) (quoting
<u>Slack v. McDaniel</u>, 120 S. Ct. 1595, 1604 (2000)).  Under the
controlling standard this requires a petitioner to show "that
reasonable jurists could debate whether (or, for that matter, agree
that) the petition should have been resolved in a different manner
or that the issues presented were 'adequate to deserve
encouragement to proceed further.'" <u>Miller-El v. Cockrell</u>, 123
S. Ct. 1029, 1039 (2003).  Where denial of relief is based on
procedural grounds the petitioner must show not only that "jurists
of reason would find it debatable whether the petition states a
valid claim of the denial of a constitutional right," but also that
they "would find it debatable whether the district court was
correct in its procedural ruling." <u>Slack</u>, 120 S. Ct. at 1604.

A district court may deny a certificate of appealability, sua sponte, without requiring further briefing or argument. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000). For reasons set forth above, this court concludes that jurists of reason would not debate that the petitioner has not yet exhausted available state court remedies. Therefore, a certificate of appealability will not issue.

## IV.  Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1.  Respondent Davis's Motion to Dismiss for Failure to Exhaust State Court Remedies (Docket Entry No. 19) is **GRANTED**.

2.  The Petition for a Writ of Habeas Corpus By a Person in State Custody (Docket Entry No. 1) is **DISMISSED without prejudice** for lack of exhaustion.

3.  A certificate of appealability is **DENIED**.

The Clerk shall provide a copy of this Memorandum Opinion and Order to the parties.

**SIGNED** at Houston, Texas, on this 30th day of August, 2016.

SIM LAKE
UNITED STATES DISTRICT JUDGE